HOLMES, Judge.
This is a workmen’s compensation case.
The Circuit Court of Mobile County awarded the employee $120 as accured temporary total disability benefits. The employer appeals from the trial court’s denial of its post-trial motion to tax costs against the employee. We affirm.
The issue presented for review is whether taxation of costs against a plaintiff-employee in a workmen’s compensation action is mandatory when the employee refuses an offer of judgment and later obtains a judgment that is less favorable than the offer.
The record reveals the following facts:
The employee sued the employer under Alabama’s Workmen’s Compensation Act seeking to recover temporary total disability benefits, permanent partial disability benefits, and medical expenses. On a date more than fifteen days prior to trial, the employer pursuant to rule 68, ARCP, served an offer of judgment in the amount of $550 on the employee. The employee refused this offer. The case proceeded to trial and, as stated above, the employee was awarded $120 as temporary total disability benefits.
Following the entry of judgment the employer filed a motion with the trial court seeking to have the costs that it incurred in defending the suit taxed against the employee. These costs totaling $467 were incurred after the employer made its offer of judgment and consisted primarily of deposition fees paid to medical witnesses and court reporter fees.
As indicated, the employer’s motion was denied and the employer appeals from that denial.
The employer, through able counsel, contends that rule 68, ARCP, governs the taxation of costs under the facts of this case and that the trial court erred in failing to tax the aforementioned costs against the employee.
Rule 68, ARCP, provides that when an offer of judgment is refused:
If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.
In short, the employer argues that under the facts of this case taxation of costs against the employee is mandatory.
We do not agree.
Rule 81(a), ARCP, states that:
In the following proceedings, these rules shall be applicable to the extent that the practice in such matters is not provided by statute:

(31) Workmen’s compensation.
Section 25-5-89 of Alabama’s Workmen’s Compensation Act, §§ 25-5-1 et seq., Code of Ala.1975, states that in workmen’s compensation cases “costs may be awarded by [the trial] court in its discretion.... ”
Section 25-5-89 specifically provides for the taxation of costs in workmen’s compensation cases. Therefore, we find that in workmen’s compensation cases § 25-5-89 supersedes the seemingly mandatory cost taxing provision of rule 68. Stated differently, the taxation of costs in a workmen’s compensation case is within the discretion of the trial court even when the employee refuses an offer of judgment and later fails to obtain a judgment more favorable than the offer.
We would further note that a provision requiring mandatory taxation of costs against an employee in a workmen’s compensation action might in some instances deprive an injured employee of a large por *997 tion, if not all, of his compensation benefits and in some instances such a provision would place an injured employee in a position where he owes his employer money, namely when the amount of costs exceeds the amount of the award of benefits. In addition, we find that a mandatory cost taxing provision would have a chilling effect on the pursuit of claims by injured employees and would tend to defeat the beneficent purposes of the Workmen’s Compensation Act.
There remains the question of whether the trial court in this instance abused its discretion by failing to tax costs against the employee. After reviewing the record, we find no abuse. There is evidence indicating that the employee was injured and that the injury arose out of and in the course of his employment by the employer. Put another way, there is evidence that the employee had a bona fide claim against his employer. The existence of such a claim is further demonstrated by the trial court’s award of temporary total benefits. In light of this and in light of the amount of the award ($120), the amount of the employer’s offer of judgment ($550), and the amount of the employer’s costs ($467), we cannot say that the trial court abused its discretion in refusing to tax costs against the employee.
The employee, Crum, has also appealed from the trial court’s action. Crum’s appeal is due to be dismissed for failure to prosecute.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.